UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEY, INC.,<br>    Plaintiff,<br>  v.<br>TWITTER, INC.,<br>    Defendant. | Case No. 22-mc-80034-DMR<br><br>**ORDER ON EX PARTE APPLICATION FOR ISSUANCE OF AN ORDER UNDER 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

  Petitioner hey, Inc. ("hey") filed an ex parte application seeking permission to issue a subpoena pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. [Docket No. 1.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). Having considered the papers and the relevant legal authority, the court grants the application.

**I. BACKGROUND**

  hey seeks discovery in aid of a lawsuit it plans to initiate in Japan to challenge four tweets posted on Twitter in 2021. It contends that the tweets are defamatory and constitute unlawful business interference under Japanese law. hey is a start-up company that plans, develops, and operates internet business in Japan. [Docket No. 1-1 (Nakazawa Decl., Jan. 28, 2022) ¶ 1.] Its current CEO is Yusuke Satao; its former CEO is Yusuke Mitsumoto. *Id*. at ¶ 4.

  The four tweets were posted in September and October 2021 by anonymous Twitter users. *Id*. at ¶¶ 5-10. On September 10, 2021, an anonymous poster with the username @cogitopp tweeted that "the top of a certain company H has slept with so many employees back when he was at Frea○Out. And apparently, he hasn't changed even at the certain company H. I don't mind him playing around but it's inappropriate as a CEO to continue hitting on employees…" [Docket No. 1-2 (Reynolds Decl., Jan. 29, 2022) ¶¶ 2, 3, Exs. A (tweets in Japanese), B (English translation) (Tweet 1).] A second poster with the username @mlnk901 retweeted Tweet 1 and added the

following statement:

> When a friend who works for a fund asked me about a certain company H, I told him there are some shady stuff lurking in multiple areas other than business potential and track record. He seemed to have decided not to be involved with the company after also personally feeling it risky. And the tequila incident happened sometime after that. I guess his decision turned out to be a good one.

Reynolds Decl. Exs. A, B (Tweet 2).

Petitioner asserts that Tweets 1 and 2 are discussing hey. According to Yuichi Nakazawa, an attorney for Petitioner, the "tequila incident" referenced in Tweet 2 was "a notable event" involving former CEO Mitsumoto. Nakazawa states Mitsumoto "played a 'tequila game' with a female in Tokyo, whose condition suddenly changed thereafter, and she was rushed to the hospital where she died." Nakazawa Decl. ¶ 5. Current CEO Sato is a co-founder of a company named FreakOut, Inc. Therefore, according to Nakazawa, the tweets' mention of the "tequila incident" and references to "company H" and "Frea○Out" make clear that these tweets are about hey. *Id*.

On September 26, 2021, @mlnk901 posted a tweet responding to a post or press release announcing that Bain Capital had invested in hey:

> My impression of Ba○n Capital is that they are a group of super-talented people and post excellent results, but I don't understand why they would invest on hey while being aware of the risks. I know my acquaintances must be very intelligent and have enough common sense to judge between wight [sic] and wrong, but apparently there seem to be someone not like that.

Reynolds Decl. ¶¶ 2, 5, Exs. E (tweet in Japanese), F (English translation) (Tweet 3).

Finally, on October 27, 2021, a poster with the username @DJ_AsadaAkira tweeted about Mitsumoto and Sato:

> I believe entrepreneurship embracing unethical and law-evading spirits such as Yusuke Mitsumoto and supporters like . . . Yusuke Sato in the entrepreneurial community should be criticized first to purge out from the community before making political statements. What do you think?

Reynolds Decl. ¶¶ 2, 6, Exs. G (tweet in Japanese), H (English translation) (Tweet 4).

Nakazawa states that Tweets 1 and 2 "contain false factual statements that . . . Sato had a sexual relationship with multiple employees immorally, and constitute defamation" under

2

Japanese law as to Sato and hey, given the "strong nexus" between hey and Sato's reputation. Nakazawa Decl. ¶¶ 8, 10. He avers that Tweets 3 and 4 also constitute defamation under Japanese law "as they diminish the objective social evaluation of [hey's] morality, reputation and trustworthiness. *Id*. at ¶ 9. Nakazawa further states that the four tweets "were tweeted for harassment purposes, and constitute defamation and unlawful business interference against" hey under Japanese law. *Id*. at ¶ 10.

hey filed this application seeking leave to issue a subpoena to Twitter for documents identifying the user(s) of the three accounts that posted the tweets for use in an anticipated Japanese lawsuit against the individual poster(s). *Id*. at ¶¶ 11, 12. It requests all documents identifying the user(s) of the accounts, the names and addresses of credit card holders registered on the accounts, and access logs for the accounts. [Docket No. 1-5 (Proposed Subpoena).]

## II.     LEGAL STANDARD

Petitioner seeks discovery pursuant to 28 U.S.C. § 1782, which provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" (citation and quotations omitted)).

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the

1  application is made, (2) the discovery is for use in a proceeding before a "foreign or international
2  tribunal," and (3) the application is made by the foreign or international tribunal or "any interested
3  person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No.
4  C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

5  "However, simply because a court has the authority under § 1782 to grant an application
6  does not mean that it is required to do so." *In re Republic of Ecuador*, 2010 WL 3702427, at *2
7  (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that
8  a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person
9  from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the
10 foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the
11 foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3)
12 whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or
13 other policies of a foreign country or the United States"; and (4) whether the request is "unduly
14 intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

15 **III.   DISCUSSION**

16     **A.    Authority to Issue Subpoena**

17 The court determines that hey's application satisfies the statutory requirements of section
18 1782. Twitter's headquarters are in San Francisco, California, which is in this district. The
19 requested discovery is for a lawsuit hey intends to file in Japan against the individual(s) who
20 posted the tweets. Nakazawa Decl. ¶¶ 11, 14. It does not matter that the suit has not yet been
21 filed, as "Section 1782(a) does not limit the provision of judicial assistance to 'pending'
22 adjudicative proceedings." *Intel*, 542 U.S. at 259 (rejecting view "that § 1782 comes into play
23 only when adjudicative proceedings are 'pending' or 'imminent;'" they need only be "within
24 reasonable contemplation."). Finally, the court concludes that hey qualifies as an "interested"
25 party, since it plans to initiate litigation abroad.

26     **B.    Discretionary Factors**

27 Having concluded that it has the statutory authority to issue the subpoena pursuant to
28 section 1782, the court now turns to the four discretionary *Intel* factors.

When the party from whom discovery is sought is not a participant in the foreign proceeding, the first factor weighs in favor of granting the application. *See Intel*, 542 U.S. at 264. As the Court explained:

> [W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Id.* (internal quotations and citations omitted). Here, Twitter will not be a party to the anticipated foreign proceedings in Japan. Nakazawa Decl. ¶ 14. hey's stated goal is to identify the individual(s) responsible for the tweets to bring a lawsuit alleging defamation and unlawful business interference. *Id.* at ¶¶ 10, 11. The first factor thus weighs in favor of granting leave to issue the subpoena.

As to the nature and receptivity of the foreign tribunal, there is no indication that Japanese courts would not be willing to consider the information sought by the requested discovery. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (quotation and citation omitted). The second factor also supports issuance of the subpoena.

With respect to the third factor, nothing in the record suggests that hey is attempting to circumvent foreign proof-gathering restrictions. Therefore, this factor also weighs in favor of granting the application.

The fourth factor examines whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). Here, the proposed subpoena requests documents

5

1  identifying the user(s) of the three accounts; names and addresses of credit card holders registered
2  on the accounts; and access logs for the dates the tweets in question were posted.  Proposed
3  Subpoena.  [*See also* Docket No. 1-3 (Togi Decl., Jan. 29, 2022) ¶¶ 7-8 (explaining the relevance
4  of the requested access logs).]  This discovery is appropriately tailored to documents and
5  information identifying the individual(s) responsible for the tweets by the @cogitopp, @mlnk901,
6  and @DJ_AsadaAkira accounts.

7  These findings do not preclude Twitter from contesting the subpoena.  The Ninth Circuit
8  has held that applications for subpoenas pursuant to section 1782 may be filed ex parte because
9  "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to
10 quash the subpoenas."  *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir.
11 1976).  Given the nature of the information sought by the subpoena, the court finds that the
12 subpoena should contain a mechanism by which the affected individual(s), i.e., the user(s) of the
13 @cogitopp, @mlnk901, and @DJ_AsadaAkira accounts, may contest the disclosure of their
14 personal identifying information pursuant to the subpoena.  Accordingly, Twitter shall serve a
15 copy of the subpoena and a copy of this order on the user(s) of the @cogitopp, @mlnk901, and
16 @DJ_AsadaAkira accounts within 30 days of the date of service on Twitter.  Twitter may serve
17 the user(s) by any reasonable means, including written notice sent to their last known address,
18 transmitted either by first-class mail or via overnight service and shall file proof of service.

19 Twitter and each individual associated with the @cogitopp, @mlnk901, and
20 @DJ_AsadaAkira accounts shall have 30 calendar days from the date of service upon them to file
21 any motions in this court to contest the subpoena.  If the 30-day period lapses without an
22 individual contesting the subpoena, Twitter shall have 10 days to produce to hey the information
23 responsive to the subpoena with respect to that individual.

24 **IV.    CONCLUSION**

25 For the foregoing reasons, the court grants the application.  hey may serve a finalized
26 version of the subpoena attached to its application.  Twitter and the individual(s) associated with
27 the @cogitopp, @mlnk901, and @DJ_AsadaAkira accounts shall be permitted to contest the
28 subpoena in accordance with the procedure set forth above.  hey must serve a copy of this order on

Twitter with the subpoena.

**IT IS SO ORDERED.**

Dated: April 19, 2022

*IT IS SO ORDERED*
*Judge Donna M. Ryu*

Donna M. Ryu
United States Magistrate Judge