Carlos Makoto Taitano, State Bar No. 275820
MFPR Roppongi Azabudai Bldg. 11th Floor
1-8-7 Roppongi
Minato-ku, Tokyo 106-0032 Japan
Telephone: 1 671 777 0581
Email: makoto@taitano.us.com

Attorney for Speakers
John Doe 1 *a.k.a.* @cogitopp and
John Doe 2 *a.k.a.* @mlnk901

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Ex Parte Applicant of<br><br>hey, inc.,<br>      Applicant. | Case Number: 22-mc-80034-DMR<br><br>**SPEAKERS JOHN DOE 1 *A.K.A.* @COGITOPP AND JOHN DOE 2 *A.K.A.* @MLNK901'S NOTICE OF MOTION AND EMERGENCY MOTION TO STAY PENDING APPEAL**<br><br>Date: July 27, 2023<br>Time: 1:00 p.m.<br><br>Expedited Review Requested |

**PLEASE TAKE NOTICE** that on July 27, 2023 at 1:00 p.m., or earlier[1], in Courtroom 4, 3rd Floor, of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, Speakers John Doe 1 who uses the pseudonym @cogitopp (hereinafter "**@cogitopp**") and John Doe 2 who uses the pseudonym @mlnk901 (hereinafter "**@mlnk901**") (hereinafter collectively "**Speakers**") will, and hereby do, move this court for an emergency order staying this court's Order Denying Motion to Quash dated June 6,

---

[1] Speakers have concurrently filed an Administrative Motion to Shorten Time, seeking to have this Court expedite the briefing and hearing on this Emergency Motion to Stay Pending Appeal.

2023 (hereinafter "**Order**"), ECF No. 23, to the extent that the Order pertains to the Speakers, pending review by the United States Circuit Court of Appeals for the Ninth Circuit.

      This motion is based on this <u>Notice of Motion and Emergency Motion to Stay Pending Appeal</u>, Speakers' <u>Administrative Motion to Shorten Time</u>, filed concurrently herewith, the <u>Declaration of Carlos Makoto Taitano in Support of Speakers John Doe 1 a.k.a. @cogitopp and John Doe 2 a.k.a. @mlnk901's Administrative Motion to Shorten Time and Emergency Motion to Stay Pending Appeal</u>, filed concurrently herewith, and all pleadings and papers on file in this action.

Dated June 15, 2023.

                                        /s/ Carlos Makoto Taitano
                               CARLOS MAKOTO TAITANO
                               Attorney for Speakers
                               John Doe 1 *a.k.a.* @cogitopp and
                               John Doe 2 *a.k.a.* @mlnk901

Speakers' Notice of Motion and Emergency Motion to Stay Pending Appeal
22-mc-80034-DMR

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This court issued the Order on June 6, 2023 denying Twitter, Inc.'s (hereinafter "**Twitter**") Motion to Quash Subpoena Issued Under 28 U.S.C. § 1782 and the Speakers' Notice of Joinder in Twitter, Inc.'s Motion to Quash Subpoena Issued Under 28 U.S.C. § 1782, and ordered Twitter to produce documents responsive to hey, inc.'s (hereinafter "**Applicant**") subpoena within 14 days of the date of the Order. Therefore, pursuant to the Order, Twitter must produce responsive documents by June 20, 2023.

The Speakers have filed their Notice of Appeal seeking review of the Order. ECF No. 24.

This court should issue a stay pending appeal to protect the Speakers from irreparable harm. Because Twitter must produce responsive documents by June 20, 2023, the Applicant will obtain information to identify the Speakers before the Ninth Circuit rules on the Speakers' appeal.

The Speakers will address serious legal questions regarding the Order.

The Speakers therefore respectfully request that this court grant a stay of the Order, to the extent that the Order pertains to the Speakers, pending review on the merits by the Ninth Circuit. If this court denies the request for a stay pending appeal, the Speakers respectfully request that this court issue a stay until the Speakers have an opportunity to file an emergency motion for a stay in the Ninth Circuit.

**II. FACTUAL BACKGROUND**

On February 1, 2022, the Applicant filed an *ex parte* application to conduct discovery pursuant to Section 1782 of Title 28 of the United States Code, seeking from Twitter information for the three Twitter accounts using the pseudonyms @cogitopp, @mlnk901, and @DJ_AsadaAkira. ECF No. 1-5 (subpoena). The alleged purpose of the application was to obtain information to ascertain the identity of the users of the three Twitter accounts for the Applicant to file a civil lawsuit in Japan against the users for defamation and business interference under the laws of Japan. ECF No. 1, 3:16-4:7. On April 19, 2022, this court granted

the application and allowed the Applicant to serve the subpoena upon Twitter. ECF No. 3, 6:25-7:1. On May 23, 2022, Twitter moved to quash the subpoena primarily on the grounds that the third and fourth *Intel* factors have not been met. ECF No. 6. Subsequently, on June 24, 2022, the Speakers, who are two of the three users of the Twitter accounts, moved to join in Twitter's motion to quash, alleged additional arguments under the third and fourth *Intel* factors, and alleged that the Applicant failed to meet the third statutory requirement under Section 1782. ECF No. 12.

On June 6, 2023, this court issued the Order, denying Twitter and the Speakers' motions to quash the subpoenas and ordered Twitter to produce documents responsive to the Applicant's subpoena within 14 days (i.e., by June 20, 2023). ECF No. 23.

On June 15, 2023, the Speakers filed their Notice of Appeal seeking review of the Order. ECF No. 24.

### III. ARGUMENT

**A. The Four-Factor Test for a Stay Pending Appeal Strongly Favors Staying These Proceedings Pending Appeal**

This court should stay the Order to the extent that it pertains to the Speakers until the Ninth Circuit can resolve the merits of the Speakers' appeal of the Order.

Courts consider four factors in determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

The Ninth Circuit employs two interrelated legal tests in ruling on a motion for a stay pending appeal. *Golden Gate Rest. Assoc. v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." *Id.* "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised

and that the balance of hardships tips sharply in its favor." *Id.* at 1116. "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* Further, courts "consider 'where the public interest lies' separately from and in addition to 'whether the applicant [for stay] will be irreparably injured absent a stay[.]'" *Id.* (brackets in original).

"Under [the sliding scale] approach, the elements of the preliminary injunction test are balanced … a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Becker v. United States*, 451 U.S. 1306, 1311 (1981) (Rehnquist, J.) ("The balance of equities tips heavily in favor of applicants. If a stay is not granted, the[] appeal may well become moot. …"); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J.) ("The fact that disclosure would moot that part of the Court of Appeals' decision … would also create an irreparable injury.").

Courts must be mindful of the standard of review that will be applied on appeal in determining the likelihood that the Speakers will succeed on the merits of their appeal. *Id.* In the context of Section 1782, questions of statutory interpretation are subject to de novo review while the district court's application of Section 1782 to the facts is reviewed for an abuse of discretion. *Advanced Micro Devices, Inc. v. Intel Corporation*, 292 F.3d 664, 666 (9th Cir. 2002). The district court's interpretation of Section 1782 is reviewed de novo while the district court's decision to honor a request for assistance under Section 1782 is reviewed for abuse of discretion. *Astronics Advanced Electronics Systems Corp. v. Lufthansa Technik AG*, 561 Fed. Appx. 605 (9th Cir. 2014).

All four *Nken* factors favor a stay in this case pending appeal.

<u>1. Speakers have a likelihood of succeeding on their appeal</u>

"[T]o justify a stay, [movants] need not demonstrate that it is more likely than not that they will win on the merits." *Levia-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Rather,

so long as the other factors favor a stay, movants must only show "that [he] has a substantial case for relief on the merits" or that "serious legal questions are raised" in the appeal. *Id.* at 968.

Speakers have a strong likelihood of success on the merits of their appeal, or at least raise serious legal questions.

<u>a. It was abuse of discretion and error of law, and in contravention of the party presentation principle, for this court to *sua sponte* determine that the First Amendment, *Highfields* standard, and Rule 26(d) good cause standard are inapplicable to this case.</u>

First, the Speakers will raise serious questions regarding whether this court's *sua sponte* determination that the First Amendment is inapplicable to the Speakers, that the Highfields standard is inapplicable, and the Rule 26(d) good cause standard is inapplicable was an error of law (and therefore abuse of discretion) in contravention of the party presentation principle, which deprived the Speakers of their due process rights to be heard. *United States v. Campbell*, 26 F.4th 860, 895 (11th Cir. 2022); *Applied Medical Distribution Corp. v. Surgical Co. BV*, 587 F.3d 909, 913 (9th Cir. 2009) ("When a district court makes an error of law, it is an abuse of discretion.").

Under the party presentation principle, American courts function in an "adversarial system of adjudication", and the Supreme Court has stressed adherence to the party principle requiring federal courts "in both civil and criminal cases, in the first instance and on appeal" to "rely on the parties to frame the issues for decision and assign to the courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, --- U.S. ---, 140 S. Ct. 1575, 1579, 206 L.Ed. 2d 866 (2020). Under the party presentation principle, courts must presume "that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* (alteration omitted). "[C]ourts are essentially passive instruments of government." *Id.* Courts "do not, or should not, sally forth each day looking for wrongs to right. [They] wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties." *Id.*

"The opportunity to be heard is an essential requisite of due process of law in judicial proceedings." *Campbell*, 26 F.4th at 895 (*quoting Richards v. Jefferson County*, 517 U.S. 793, 797 n.4 (1996)) (brackets removed). "The party presentation principle serves due process interests by ensuring that a party has advance notice and an opportunity to be heard before a court decides an issue that may sink his case." *Id.*

Whether a district court has properly considered [an affirmative defense] *sua sponte* is a question of law that courts review de novo. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006).

In this case, the parties extensively developed their facts and arguments under the common understanding that First Amendment protections are applicable to the speech involved in this case, and that the Highfields standard and Rule 26(d) good cause standard are applicable, and no party has argued or otherwise raised any issue concerning the applicability of these protections and standards.

Because the Applicant did not argue that these protections and standards do not apply, the Applicant has effectively waived these arguments, and has impliedly agreed to these protections and standards applying to this case pursuant to the party presentation principle.

The Applicant never asked this court for an opportunity to argue these issues, and the Applicant has never pointed this court to the *Zuru*, *Takada*, or *Takagi* cases that may have been favorable to it. Consequently, the Applicant has waived these arguments.

However, this court, without any prior notice to the parties or the parties being afforded the opportunity to address the *Zuru*, *Takada*, or *Takagi* cases, *sua sponte*, determined that the First Amendment, *Highfields* standard, and Rule 26(d) good cause standard are not applicable to this case by adopting the reasoning of those non-binding decisions by other courts in this district. ECF No. 23, 4:19-7:17, 11:9-12:12.

This court deciding on these issues that none of the parties had raised without providing the parties prior notice or an opportunity to be heard is contrary to the party presentation principal, and this court has deprived the Speakers of their due process rights to be heard, which

is an error of law (which constitutes abuse of discretion). *Campbell*, 26 F.4th at 895; *Applied Medical Distribution Corp.*, 587 F.3d at 913.

b. The Applicant is not an interested person under Section 1782.

Second, the Speakers' appeal will raise serious questions regarding whether the Applicant is an "interested person" entitled to obtain discovery under Section 1782, which issue will be reviewed de novo by the Ninth Circuit.

The Applicant alleges that it will be the plaintiff in the foreign proceeding. ECF No. 1, 5:20-22; ECF No. 16, 4:7-9. Twitter and the Speakers cited to Japanese cases showing that it is well settled law that, defamatory statements concerning an executive does not defame his company. ECF No. 6, ¶ 18; ECF No. 12-3, ¶¶ 5-6; ECF 19-1, ¶¶ 23-27. The Applicant's Japanese attorney attempts to distinguish these cases by arguing without citing to any legal authority. ECF No. 16-1, 13-14.

This court's determination that the Applicant is an interested person is based upon the opinion of the Applicant's Japanese legal counsel that is not supported by any legal authority, and that is contradicted by case authority presented by Twitter and the Speakers. The Speakers believe that the Ninth Circuit, based upon a de novo review of this issue, will determine that the Applicant is not an interested person. *Advanced Micro Devices, Inc.*, 292 F.3d at 666.

While the Speakers acknowledge that an interested person is not limited to litigants in foreign proceedings, the Applicant never alleged that it is a non-litigant interested person.

c. It was abuse of discretion of this court to allow discovery, where the Applicant's civil lawsuit will fail, because it is undisputed that @cogitopp had reason to believe his tweets were true.

Third, the Speakers' appeal will raise the question of whether this court abused its discretion in granting the application in the face of unrefuted evidence that the Applicant would be unsuccessful in its lawsuit in Japan, because @cogitopp had reasons to believe his tweets were true. ECF No. 12-1, ¶¶ 5-12. The Applicant has presented no evidence or any argument to refute @cogitopp's belief, which will defeat a civil lawsuit for defamation.

<u>d. The statements contained in the tweet of @mlnk901 that the Applicant alleges are defamatory are statements concerning someone at Bain Capital, not the Applicant.</u>

Fourth, the Speakers' appeal will raise the question of whether this court abused its discretion by not considering the fact that the statements "not distinguishing between good and bad" and "lacks common sense" contained in the tweet of @mlnk901 that the Applicant alleges are defamatory are statements clearly directed at someone at Bain Capital and not the Applicant. ECF No. 19-1, ¶¶ 28-29. The Applicant never explained how these statements can be actionable by the Applicant when they concern someone at Bain Capital. Therefore, in addition to this tweet being nonactionable opinion, ECF No. 6-2, ¶ 19, even if it were actionable, the person that could sue @mlnk901 is Bain Capital, and not the Applicant. The Applicant has failed to explain how and why this statement would be actionable by the Applicant when it is directed toward Bain Capital.

Therefore, the Speakers have a strong likelihood of success on the merits of their appeal, or at least raise serious legal questions, so this factor favors Speakers.

2. <u>Absent a Stay, Speakers Will Suffer Irreparable Harm</u>

Speakers will suffer irreparable harm if a stay is not granted pending appeal.

The subpoena in this case is seeking the identities of the Speakers for the alleged purposes of filing a civil lawsuit in Japan. ECF No. 1, 4:1-4. Once the identities of the Speakers are learned from the identifying information disclosed by Twitter, their anonymity will be lost forever, and no remedy that the Ninth Circuit may craft will undue this harm. By the time that the Ninth Circuit renders its decision, the Applicant would have filed its civil lawsuit in Japan using the identity of the Speakers obtained from Twitter.

Additionally, absent a stay, the Speakers will be denied the right of appeal to the Ninth Circuit. The sole purpose of the requested discovery in this case is to identify the identity of the users of the three Twitter accounts. Once Twitter provides the identifying information to the Applicant, any appeal would become moot, because the Applicant would already have the information necessary to identify the Speakers, would have already identified the Speakers, and

would have filed its lawsuit in Japan against the Speakers, even if the Ninth Circuit would eventually limit the use of the information. *McKevitt v. Pallasch*, 339 F.3d 530, 531 (7th Cir. 2003) (denial of the stay, and the resulting disclosure of the recordings, mooted the appeal). The proverbial bell cannot be unrung. *See In re Brach Found.*, No. 2:15-mc-748-KOB, 2015 WL 6828677, at *3 (N.D. Ala. Nov. 6, 2015); *see also Harris v. State of Washington Dep't of Soc. & Health Servs.*, No. C08-5479 BHS, 2013 WL 3936803, at *2 (W.D. Wash. July 30, 2013) (granting a motion to stay order requiring production of informant's names where "releasing the names would ring a bell that could not be unrung"). Once the identities of the Speakers are disclosed, no appellate relief can vindicate Speakers' rights by clawing back the information that the Applicant has learned. *See Becker v. United States*, 451 U.S. 1306, 1311 (1981) (Rehnquist, J.) (holding that stay was appropriate where, absent a stay, "applicants will be required to turn over their videotapes and their appeal may well become moot").

Even if this court determines that Speakers are relatively unlikely to succeed on appeal, this court should grant a stay pending appeal. Importantly, in similar circumstances – where court-ordered production of documents would let the "cat out of the bag" – district courts have granted stays pending appeal even when the appellant has little likelihood of success on appeal. *See, e.g., Nowak v. Lexington Ins. Co.*, No. 05-21682CIV-MORENO, 2006 WL 3613760, at *2 (S.D. Fla. June 22, 2006) (granting a stay pending appeal despite finding that the appellant was unlikely to prevail on the merits because, in the event that the appellant prevailed on the merits, it "would be irreparably harmed if this Court requires [appellant] to produce" the documents); *Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 09-CV-80787, 2010 WL 11505438, at *2 (S.D. Fla. June 3, 2010) (holding that "[w]hile the Eleventh Circuit is unlikely to grant the writ," the appellant "would be irreparably harmed if this Court requires [appellant] to produce the documents and the Eleventh Circuit later held that the documents were protected by privilege").

Therefore, the Speakers will suffer irreparable harm, so this factor favors Speakers.

//

Speakers' Notice of Motion and Emergency Motion to Stay Pending Appeal
22-mc-80034-DMR

### 3. Applicant Will Not Be Significantly Harmed by a Stay

There will be no harm to the Applicant should the Order be stayed, because the Applicant is allegedly seeking discovery to *file* a lawsuit in Japan. ECF No. 1, 4:1-4. Because no lawsuit has been filed, there are no deadlines or time limitations that would prevent the Applicant from doing so after the appellate process is exhausted. *See In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112 (E.D. Wis. 2004) (court declined to grant a stay because of fast approaching deadlines in the foreign action); *Nikon Corp. v. GlobalFoundries U.S. Inc.*, 2017 WL 4865549 (N.D. Cal. Oct 26, 2017) (court denied the motion to stay because the applicant would be injured because the applicant would not receive the discovery until after expiration of deadlines in the foreign proceedings).

Accordingly, the Applicant will not be harmed by a stay, so this factor favors the Speakers.

### 4. The Public Interest Favors a Stay

It is in the public interest to ensure that a party aggrieved by an immediately appealable district court ruling is not deprived of its right to appellate review, particularly where compliance with the order could not be undone after a successful appeal. *See, e.g., Scripps-Howard Radio v. FCC*, 316 U.S. 4, 9-10 (1942) ("it is reasonable … to prevent irreparable injury to the parties or to the public resulting from the premature enforcement of a determination which may later be found to have been wrong").

Therefore, the public interest favors a stay, so this factor favors the Speakers.

Furthermore, this court should grant the stay pending appeal because all four of the *Nken* factors weigh in favor of granting the stay.

### B. At a minimum this Court Should Issue a Stay Until Speakers Can Move the Ninth Circuit for a Stay Pending Appeal

As discussed above, this court should grant Speakers' request for a stay pending appeal. If, however, this court denies this Emergency Motion, Speakers respectfully request that this

court issue a stay until the Ninth Circuit can address an emergency motion for a stay pending appeal.

If an order for a stay is not issued, the Applicant will obtain the identifying information before the Ninth Circuit has an opportunity to determine if it wants to maintain the status quo pending the outcome of the appeal.

## IV. Conclusion

For the foregoing reasons, this court should stay the Order to the extent that it concerns the Speakers pending resolution of Speakers' appeal in the Ninth Circuit. If this court denies this motion, Speakers respectfully request that this court issue a stay until Speakers have an opportunity to file an emergency motion for a stay in the Ninth Circuit.

Dated June 15, 2023.

/s/ Carlos Makoto Taitano
CARLOS MAKOTO TAITANO
Attorney for Speakers
John Doe 1 *a.k.a.* @cogitopp and
John Doe 2 *a.k.a.* @mlnk901